UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLYNTHUS M. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-2860-G |
| AAA COOPER TRANSPORTATION, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff's motion to remand this case to the state court

from which it was previously removed (docket entry 9).  For the reasons stated

below, the motion is granted.

## I.  BACKGROUND

On August 30, 2016, the plaintiff, Olynthus M. Davis ("Davis"), commenced

this action against the defendants, AAA Cooper Transportation ("AAA"), XTRA

Lease, LLC ("XTRA"), and Timothy Aguilar, in the 14th Judicial District Court of

Dallas County, Texas.  *See* XTRA's Notice of Removal ("Notice") ¶¶ 1, 6-8 (docket

entry 1).  AAA was served on September 6, 2016.  Affidavit of Service at 2 (docket

entry 1-9).  The removing defendant, XTRA, was served on September 8, 2016, and

removed the action to federal court on October 11, 2016.\* Notice ¶ 2. XTRA's

notice of removal states that the prior-served defendant, AAA, "has consented to the

removal of this action." *Id.* ¶ 10.

On November 10, 2016, Davis filed this motion to remand. Plaintiff's Motion

to Remand ("Motion") (docket entry 9). On December 1, 2016, XTRA timely filed a

response. XTRA's Response in Opposition to Plaintiff's Motion to Remand

("Response") (docket entry 11). The motion is now ripe for decision.

II. ANALYSIS

A. Legal Standard

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a

[s]tate court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a

state court action to federal court only if the action could have originally been filed in

federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).

However, the removal statute must be strictly construed because "removal

jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855

F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th

Cir. 2008). Therefore, "any doubts concerning removal must be resolved against

---

\* Because Monday, October 10, 2016 was a federal holiday, XTRA timely
filed its notice of removal.

- 2 -

removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

B. <u>XTRA's Removal Is Procedurally Defective</u>

Davis contends that XTRA's removal is procedurally defective because XTRA did not properly obtain AAA's consent to removal. *See* Motion at 2. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." Moreover, XTRA correctly contends that the removal statute merely requires that an earlier-served defendant consent to removal. *See* Response at 2-3; *see also* 28 U.S.C. § 1446(b)(2)(C). However, the issue in this case is not whether the removal statute permits AAA to consent to removal, but whether AAA properly consented to XTRA's removal.

To properly consent to removal, each defendant, or someone with formal authority to act on the defendant's behalf, must timely submit a "written indication" of consent. *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Luckett v. Harris Hospital-Fort Worth*, 764 F. Supp.

436, 442 (N.D. Tex. 1991) (McBryde, J.) ("[T]here must be some timely 'written indication' from each served defendant, or from some representative purporting to have authority to formally act on the defendant's behalf in this respect, showing that the defendant has actually consented to such removal").  "*Getty* thus allows [the removing defendant] thirty days from the time it was served with process to obtain [the other served defendant's] consent to removal." *Couch v. Howard*, No. 3:06-CV-0610-G, 2006 WL 1627916, at *2 (N.D. Tex. June 8, 2006) (Fish, Chief J.).

Here, because XTRA was served on September 8, 2016, the deadline to obtain AAA's consent to removal was thirty days later on October 11, 2016.  *See* Notice ¶ 2; see also *Couch*, 2006 WL 1627916, at *2.  However, XTRA's October 11, 2016 notice of removal contains only a conclusory statement that "Defendant AAA has consented to the removal of this action."  Notice ¶ 10.  XTRA's notice lacks any "written indication" submitted by AAA showing that AAA has consented removal. See *Grand Texas Homes, Inc. v. American Safety Indemnity Company*, No. 3:12-CV-1773-M, 2012 WL 5355958, at *2 (N.D. Tex. Oct. 30, 2012) (Lynn, J.) ("[The removing defendant's] unilateral representation that the other Defendants had consented to removal does not satisfy the stringent Fifth Circuit standard.").

AAA filed its notice of consent to removal on November 11, 2016 -- well after the October 11, 2016 deadline.  *See* AAA's Notice of Consent to Removal (docket entry 10).  Because AAA is a previously-served defendant that did not timely consent

- 4 -

to removal, XTRA's removal is procedurally defective. Thus, the case should be remanded to state court. See *Couch*, 2006 WL 1627916, at *2 (remanding a case that was procedurally defective because one of the defendants did not timely consent to removal).

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion is **GRANTED**. This case is **REMANDED** to the **14th Judicial District Court of Dallas County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED**.

December 19, 2016.

_____

**A. JOE FISH**
**Senior United States District Judge**